FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 11, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RACHEL D. BENJAMIN,<br><br>                    Plaintiff,<br><br>     v.<br><br>STEVENS COUNTY, a political subdivision of the State of Washington; PAT WALSH, an employee of the Stevens County Public Works Department; NADINE BORDERS, an employee of Stevens County District Court; and GINA A. TVEIT, Stevens County District Court Judge<br><br>                    Defendants. | NO:  2:18-CV-204-RMP<br><br>ORDER GRANTING DEFENDANT JUDGE TVEIT'S MOTION TO DISMISS AND MOTION TO EXCLUDE |

BEFORE THE COURT is Defendant Judge Gina A. Tveit's Motion to Dismiss Plaintiff Rachel D. Benjamin's Complaint, ECF No. 8, and Motion to Exclude Newspaper Article, ECF No. 19.  Ms. Benjamin seeks relief under 42 U.S.C. § 1983, alleging constitutional violations under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as state law

ORDER GRANTING DEFENDANT JUDGE TVEIT'S MOTION TO DISMISS AND MOTION TO EXCLUDE ~ 1

claims of Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Outrage, and Negligence.  ECF No. 1 at 9.  The Court has considered the parties' arguments, has reviewed the pleadings and the record, and is fully informed.

## BACKGROUND

On August 4, 2015, Ms. Benjamin pleaded guilty to driving under the influence in Stevens County District Court.  ECF No. 1 at 3.  Stevens County District Court Judge Tveit sentenced Ms. Benjamin to 364 days in jail with 289 days suspended.  *Id.*  On March 28, 2017, Ms. Benjamin filed a motion to have her jail time converted to work crew, which was granted.  *Id.*  She was sentenced to 75 days of work crew.  *Id.*

During her work crew sentence, Ms. Benjamin alleges that Defendant Pat Walsh, at the time a supervisor of work crew inmates for Defendant Stevens County, singled out Ms. Benjamin, made her sit in the front seat of the work crew van, and sexually harassed Ms. Benjamin in the form of statements regarding her breasts, her intimate relationship with her husband, and Ms. Benjamin's "sex appeal."  *Id.* at 3–4.  Ms. Benjamin complained of Mr. Walsh's sexual harassment to Defendant Nadine Borders, who worked as the Stevens County District Court Administrator and oversaw work crew assignments.  *Id.* at 4.  Ms. Benjamin alleges that Ms. Borders intentionally kept the allegations away from Human

1  Resources to handle the matter internally.  *Id.*  Ms. Benjamin alleges that Judge

2  Tveit directly supervised Ms. Borders.  *Id.*

3      Ms. Benjamin told Ms. Borders that she did not want to report to work crew,

4  but Ms. Borders allegedly told Ms. Benjamin that there would be consequences if

5  Ms. Benjamin failed to report.  *Id.* at 5.  Eventually, Ms. Benjamin did not report to

6  work crew, so Ms. Borders filed a pleading with the Stevens County District Court

7  reporting that Ms. Benjamin was out of compliance with her work crew sentence.

8  *Id.*  After Ms. Borders' report was filed, Stevens County Prosecutor Tim

9  Rasmussen discovered Ms. Benjamin's sexual harassment complaints against Mr.

10 Walsh.  *Id.*  Mr. Rasmussen and Ms. Benjamin's criminal attorney, Graham Stone,

11 filed a stipulated motion in Stevens County Superior Court asking the court to

12 vacate the remainder of Ms. Benjamin's sentence.  *Id.*

13     After Stevens County Superior Court Judge Reeves granted the order, Judge

14 Tveit issued a sua sponte order finding that Superior Court Judge Reeves, Mr.

15 Rasmussen, and Mr. Stone violated ethics codes by vacating Ms. Benjamin's

16 sentence in Superior Court and not District Court, where Ms. Benjamin was

17 originally sentenced.  *Id.* at 5–6.  Judge Tveit then met with Stevens County

18 Director of Public Works, Jason Hart, as well as Stevens County Commissioners

19 Steve Parker and Don Dashiell to discuss Ms. Benjamin's claims of sexual

20 harassment.  *Id.* at 6.  At this meeting, Judge Tveit allegedly made disapproving

21 statements regarding Mr. Rasmussen's attempt to vacate Ms. Benjamin's sentence

ORDER GRANTING DEFENDANT JUDGE TVEIT'S MOTION TO DISMISS
AND MOTION TO EXCLUDE ~ 3

in Superior Court instead of District Court. *Id.* Judge Tveit also allegedly made comments about Ms. Benjamin's criminal history, how she wanted Ms. Benjamin's complaints handled, and that "if anyone should be angry it should be [Ms. Borders]." *Id.* (bracketed text in original). Judge Tveit continued to preside over Ms. Benjamin's case until Ms. Benjamin filed the present complaint against her. *Id.* at 7.

Ms. Benjamin filed this suit against all Defendants, including Judge Tveit, on June 20, 2018. ECF No. 1. Ms. Benjamin alleges that Judge Tveit attempted to retaliate against her for reporting the sexual harassment. *Id.* at 6. Specifically, Ms. Benjamin alleged that Judge Tveit violated her Fourth, Fifth, Eighth, and Fourteenth Amendment rights, and committed the torts of negligent infliction of emotional distress, intentional infliction of emotional distress, outrage, and negligence. *Id.* at 9.

Judge Tveit filed a Motion to Dismiss under Rule 12(b)(6). ECF No. 8. Ms. Benjamin responded to Judge Tveit's Motion to Dismiss, including a newspaper article as support for one of her legal arguments. ECF No. 17. Judge Tveit replied to Ms. Benjamin's Response and filed a separate Motion to Exclude the Newspaper Article that Ms. Benjamin filed with her Response. ECF Nos. 19 & 20. The Court considers both the Motion to Dismiss and Motion to Exclude the Newspaper in this present opinion.

## LEGAL STANDARD

A plaintiff's claim will be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required, however, to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

As a general rule, a district court must convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 56 when it considers evidence outside of the pleadings, and the nonmoving party must be given an opportunity to respond to the motion after it has been converted to a summary

judgment motion.  *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

However, courts may consider matters suitable for judicial notice without

converting a Rule 12(b)(6) motion into a motion for summary judgment.  "A court

may take judicial notice of matters of public record without converting a motion to

dismiss into a motion for summary judgment."  *Lee v. City of L.A.*, 250 F.3d 668,

689 (9th Cir. 2001).

## DISCUSSION

### *Evidence Considered for Judge Tveit's Motion to Dismiss*

In response to Judge Tveit's Motion to Dismiss, Ms. Benjamin included a

newspaper article about Ms. Benjamin's case, in which Judge Tveit allegedly

stated that "there is absolutely no supervision of the work crew program by the

district court."  ECF No. 17 at 16–17.  Ms. Benjamin uses this article to argue that

Judge Tveit is not entitled to judicial immunity because the work crew program is

outside the province of Judge Tveit's control.  *Id.* at 6.  Judge Tveit argues that the

Court cannot consider the newspaper article, as it is extrinsic evidence.  ECF No.

19.  The parties also contest whether this Court may rely on Superior Court Judge

Strohmaier's orders, submitted as attachments to Judge Tveit's Motion to Dismiss,

regarding Judge Tveit's order finding that the Superior Court had no jurisdiction

over the terms of Ms. Benjamin's sentence.  ECF Nos. 8-1 & 8-2 (Judge

Strohmaier's orders); ECF No 21 at 2; ECF No. 23 at 5.

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). There are two exceptions to this required-conversion rule. First, under the incorporated-by-reference doctrine, a district court may consider material if it is properly submitted as a part of the complaint, or if the material's authenticity is not contested and the plaintiff's complaint relies on the material. *Lee*, 250 F.3d at 688. Second, a court may consider matters of public record by judicial notice, pursuant to Federal Rule of Evidence 201. *Id.* at 689. The district court has discretion to either exclude extrinsic materials to avoid converting the motion to a motion for summary judgment, or accept them and convert the motion to a motion for summary judgment. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).

Under the incorporation by reference exception, extrinsic evidence is incorporated into the complaint if it is attached to the complaint or the material forms the basis of the plaintiff's claim. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This exception is similar to Rule 10(c)'s governance on exhibits to pleadings. Fed. R. Civ. P. 10(c). Merely mentioning a document in the complaint is not enough to meet this exception; the extrinsic material must be integral to the plaintiff's claim. *Ritchie*, 342 F.3d at 908–09; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("the mere mention of the

existence of a document is insufficient to incorporate the contents of a document"). If the complaint does not mention the material in question, the material can only be reviewed as a part of the motion to dismiss in rare instances. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Ms. Benjamin does not reference the newspaper article in her complaint. *See* ECF No. 1. As such, the newspaper article can only be incorporated by reference into the complaint if it falls into the rare instance in which it is an integral part of the plaintiff's claim, although unmentioned. *See Knievel*, 393 F.3d at 1076. While Ms. Benjamin claims that the newspaper article shows that Judge Tveit's actions were extrajudicial in nature, the article itself cannot be considered integral to the plaintiff's claim because the facts in the complaint do not rely on the newspaper article's assertions. Thus, the newspaper article is not incorporated by reference into the complaint and will not be considered in this motion to dismiss under Rule 12(b)(6).

Under the judicial notice exception, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). If the facts in a document are disputed, a court cannot take judicial notice of that document. *Lee*, 250 F.3d at 689. "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it

ORDER GRANTING DEFENDANT JUDGE TVEIT'S MOTION TO DISMISS AND MOTION TO EXCLUDE ~ 8

may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Id.* at 690 (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999)).

First, regarding the newspaper article, the parties dispute what it conveys. Ms. Benjamin claims that the article shows that Judge Tveit's meeting with the county commissioners was extrajudicial. ECF No. 17 at 6. Judge Tveit disputes that the newspaper article proves anything or that the article accurately reflects Judge Tveit's statements. ECF No. 23 at 2.

A prerequisite to taking judicial notice of a fact is that the fact is undisputed. *See Lee*, 250 F.3d at 689. Because the parties here dispute the facts alleged in the newspaper article, the Court cannot take judicial notice of the content of this article. Therefore, the Court will not consider the newspaper article in ruling on the motion to dismiss.

Second, the orders from Judge Strohmaier, which Judge Tveit attached as a part of her Motion to Dismiss, *see* ECF Nos. 8-1 & 8-2, are materials of which the courts may take judicial notice in deciding Rule 12(b)(6) motions. *See Lee*, 250 F.3d at 690. Courts may take judicial notice of other court orders or opinions as long as it is for the opinion itself, not the facts therein, because the existence of the opinion is not subject to reasonable dispute over authenticity. *Id.*; *see also S. Cross Overseas Agencies*, 181 F.3d at 426–27. However, the Court has discretion as to

whether or not something may be judicially noticed.  *See* Fed. R. Evid. 201(b)

("The court may judicially notice . . .").

In this case, the Court will not consider the Judge Strohmaier orders

submitted by Judge Tveit in support of her motion.  The Court finds that the

complaint and the parties' motions adequately address the issues before the Court,

and the existence of these orders, with no consideration of their content, would not

be helpful in resolving the pending motion.

Therefore, the Court excludes the newspaper article submitted by Ms.

Benjamin, ECF No. 17 at 16–17, for purposes of this motion only.  The Court also

excludes Judge Strohmaier's orders, ECF Nos. 8-1 & 8-2, for purposes of this

motion only.  Thus, the Court does not convert Judge Tveit's motion into a motion

for summary judgment, and instead will analyze it as a motion to dismiss.

### Judicial Immunity

Judge Tveit invokes absolute judicial immunity to all of Ms. Benjamin's

claims.  ECF No. 8 at 6–12.  Ms. Benjamin argues that Judge Tveit is not entitled

to absolute judicial immunity.  ECF No. 17 at 4–7.

Generally, judges are absolutely immune from liability for actions taken

within the scope of the judge's judicial authority.  *Stump v. Sparkman*, 435 U.S.

349, 355–56 (1978).  The main inquiry is whether the actions in question are

judicial in nature.  *Forrester v. White*, 484 U.S. 219, 227 (1988).  Judicial

immunity applies even if the judge's actions are erroneous, malicious, or in excess

of his or her authority. *Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). However, judicial immunity will not apply if the judge's actions are non-judicial, or the judge acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). The Ninth Circuit has identified four factors that determine whether an action is judicial, and thus protected by judicial immunity: "whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986).

Federal courts generally have afforded judicial immunity to judges as long as their actions were judicial in nature. For example, in *Mireles v. Waco*, the Supreme Court found that a judge was entitled to judicial immunity when he was accused of ordering court officers to forcibly seize the plaintiff and bring him into the judge's courtroom. *Mireles*, 502 U.S. at 12. Even though the plaintiff alleged that the judge directed the officers to use excessive force, "[a] judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge," allowing the Court to conclude that the judge was entitled to immunity. *Id.*

Additionally, in *Sadoski v. Mosley*, the Ninth Circuit recognized judicial immunity for a state court judge who improperly modified the plaintiff's sentence

to a longer term because the act was judicial in nature, and therefore immunity was appropriate. *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). Similarly, in *Duvall v. Cty. of Kitsap*, the Ninth Circuit recognized a judge's judicial immunity when he denied the plaintiff's motion for videotext display of ongoing court proceedings, because ruling on such a motion was within the judge's judicial capacity. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001).

However, if an act is not judicial in nature, then the judge is not entitled to judicial immunity. In *Forrester v. White*, the Supreme Court recognized the difference between judicial functions and administrative functions completed by a judge, holding that the former are entitled to judicial immunity, but not the latter. *Forrester*, 484 U.S. at 228–29. Recognizing this distinction, the Supreme Court declined to recognize judicial immunity for a judge accused of gender discrimination in demoting and firing a court-supervised probation officer. *Id.* at 229. The Ninth Circuit similarly denied judicial immunity in *Meek vs. Cty. of Riverside* when a judge fired a subordinate judicial employee, finding that there was no relationship between the judge's decision to fire the employee and the adjudicative process. *Meek*, 183 F.3d at 967–68.

Washington case law is also ripe with judicial immunity examples.[1] In *Taggart*, the Washington Supreme Court recognized judicial immunity for parole

---

[1] While federal judicial immunity law applies because the Court has federal question jurisdiction over this case, examples of Washington state cases are also

1  officers acting in a quasi-judicial role enforcing the conditions of parole and

2  providing executive agencies with information to assist them in determining when

3  parole is appropriate. *Taggart v. State*, 822 P.2d 243, 252 (Wash. 1992). In

4  *Burgess v. Towne*, a Washington appellate court recognized judicial immunity for a

5  municipal judge when he detained a traffic court defendant in a small room until

6  the end of the traffic court calendar. *Burgess v. Towne*, 538 P.2d 559, 563 (Wash.

7  Ct. App. 1975).

8  However, in *Lallas v. Skagit Cty.*, the Washington Supreme Court denied

9  judicial immunity to a court deputy when the deputy lost control of a prisoner

10  whom he was escorting to jail, and the prisoner injured the plaintiff during the

11  prisoner's attempted escape. *Lallas v. Skagit Cty.*, 225 P.3d 910, 912–13 (Wash.

12  2009). In *Mauro v. Kittitas Cty.*, a Washington appellate court denied judicial

13  immunity to a Washington county when its employees failed to hand deliver an

14  order withdrawing the arrest warrant of the plaintiff, resulting in the plaintiff's

15  false imprisonment, because the act was ministerial, and not judicial in nature.

16  *Mauro v. Kittitas Cty.*, 613 P.2d 195, 197 (Wash. Ct. App. 1980).

17  In response to Judge Tveit's claim of judicial immunity, Ms. Benjamin

18  claims that Judge Tveit's actions in this case were not a part of the judicial process,

19

20  cited, as the doctrines are treated similarly between Washington state and the
   federal courts, and Washington courts often cite federal judicial immunity

21  decisions with approval. *See Taggart*, 822 P.2d at 247.

and therefore, Judge Tveit should not be afforded immunity. ECF No. 17 at 5–6.

Ms. Benjamin argues that Judge Tveit inserted herself into Ms. Benjamin's

situation to assist in a cover-up of sexual harassment. *Id.* at 6. Ms. Benjamin also

argues that Judge Tveit's failure to terminate or properly supervise Ms. Borders

was administrative, rather than judicial, and therefore Judge Tveit is not entitled to

judicial immunity for Ms. Borders's actions. *Id.* at 6–7.

Judicial immunity attaches to actions, not people. *Forrester*, 484 U.S. at

227. Ms. Benjamin alleges that Judge Tveit took three different actions to

allegedly cover-up Mr. Walsh's sexual harassment of Ms. Benjamin: (1) Judge

Tveit's sua sponte order vacating Superior Court Judge Reed's attempt to vacate

Ms. Benjamin's sentence; (2) Judge Tveit's meeting with Mr. Hart and

Commissioners Parker and Dashiell regarding Ms. Benjamin's sexual harassment

claims against Mr. Walsh; and (3) Judge Tveit's failure to recuse herself from Ms.

Benjamin's case. ECF No. 1 at 5–7. According to Ms. Benjamin, these actions

together constituted a cover-up of Ms. Benjamin's legitimate complaint of sexual

abuse. ECF No. 17 at 5. The Court analyzes these actions in turn to determine

whether they are judicial in nature.

First, Ms. Benjamin claims that Judge Tveit's order regarding the Superior

Court's order to vacate Ms. Benjamin's sentence put Ms. Benjamin "in a position

of serious peril of incarceration." ECF No. 1 at 6. But issuing an order regarding a

case to which Judge Tveit is assigned is judicial in nature. The parties do not

dispute that Judge Tveit presided over Ms. Benjamin's driving under the influence case or the decision to sentence Ms. Benjamin to work crew. ECF No. 1 at 3. Following Ms. Benjamin's experiences on the work crew, Judge Reeves, a Stevens County Superior Court Judge, ordered Ms. Benjamin's sentence vacated. *Id.* at 5. Considering that Judge Tveit imposed Ms. Benjamin's work crew sentence, Judge Tveit acted in her judicial capacity when she issued the sua sponte order resuming control of Ms. Benjamin's case. Even if she was mistaken in the extent of her jurisdiction, Judge Tveit was not acting in a clear absence of jurisdiction. *Stump*, 435 U.S. at 356–57. Therefore, the sua sponte order is judicial in nature.

Second, Ms. Benjamin argues that Judge Tveit's meeting with Ms. Borders and the county commissioners was part of a "cover-up of a legitimate complaint of sexual abuse." ECF No. 17 at 5. However, Ms. Benjamin's arguments regarding the meeting are conclusory and unsupported. Ms. Benjamin claims that at the meeting, Judge Tveit discussed Ms. Benjamin's criminal history, the Superior Court's attempt to vacate Ms. Benjamin's sentence, and that Ms. Borders should be upset with this situation. ECF No. 1 at 6. While the Court will construe all facts in favor of the plaintiff, the Court is not permitted to accept conclusory statements or allegations as true. *See Iqbal*, 556 U.S. at 678. As currently pleaded, there is no support for the allegation that Judge Tveit was doing anything more than meeting with relevant parties to discuss how to resolve Ms. Benjamin's remaining sentence considering her claim of sexual harassment against the work crew supervisor.

ORDER GRANTING DEFENDANT JUDGE TVEIT'S MOTION TO DISMISS AND MOTION TO EXCLUDE ~ 15

Continuing to preside over a defendant that the judge had previously sentenced is within the scope of judicial conduct. Therefore, Judge Tveit's actions of meeting with Mr. Hart and the county commissioners regarding Ms. Benjamin's sentence is judicial in nature.

Third, Ms. Benjamin complains that Judge Tveit's failure to recuse herself from Ms. Benjamin's case caused Ms. Benjamin's injuries. ECF No. 1 at 7. However, the decision to recuse oneself as a judge from an ongoing action or dispute is judicial in nature. In Washington, a judge's determination not to recuse herself from a case is reviewed for abuse of discretion. *See State v. Gentry*, 356 P.3d 714, 721 (Wash. 2015). Whether or not to recuse herself lies within her own discretion, and ultimately is a judicial decision made by the judge based on the facts of the case before her. Therefore, Judge Tveit's action of not recusing herself from Ms. Benjamin's case is judicial in nature.

The *Ashelman* factors are relevant to the Court's analysis of Judge Tveit's claim of judicial immunity. In determining whether judicial immunity is appropriate, the Ninth Circuit weighs four factors: "whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman*, 792 F.2d at 1075–76. Here, as already stated, the three acts that Ms. Benjamin alleges as violating her rights are within

the scope of judicial functions.  Further, while the events did not occur in the judge's chambers, they centered on Ms. Benjamin's case and sentencing, which had been assigned to Judge Tveit at the District Court.  Additionally, Judge Tveit performed these actions within her official capacity as the supervising judge in Ms. Benjamin's criminal sentence, satisfying the fourth *Ashelman* factor.

All of the actions that support Ms. Benjamin's claims against Judge Tveit were judicial in nature and were not taken in clear absence of jurisdiction.  Therefore, Judge Tveit is entitled to absolute judicial immunity.  The Court dismisses all claims against Judge Tveit.  However, if a reviewing court finds that Judge Tveit is not entitled to judicial immunity, the Court will analyze the substantive claims of Judge Tveit's Motion to Dismiss as well to complete the record.

### *Constitutional Claims under 42 U.S.C. § 1983*

Ms. Benjamin claims that Judge Tveit, a government actor, violated Ms. Benjamin's Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  ECF No. 1 at 9.  Ms. Benjamin brings this cause of action under 42 U.S.C. § 1983.  *Id.*

### A. Qualified Immunity

Judge Tveit argues that she is entitled to qualified immunity.  ECF No. 8 at 17–19.  Ms. Benjamin argues that Judge Tveit is not entitled to qualified immunity.  ECF No. 17 at 12–14.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (internal quotes omitted), *abrogated in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). When government officials invoke qualified immunity from suit, courts must decide if qualified immunity is proper by applying a two-part analysis: (1) whether the conduct of the official, viewed in the light most favorable to plaintiff, violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged violation. *See Pearson*, 555 U.S. at 232–36. The district court may analyze the two prongs of qualified immunity in any order it wishes. *Id.* at 236.

The Court will first determine whether the facts, taken in the light most favorable to Ms. Benjamin, violated a constitutional right.

### B. Fourth Amendment Claims

Judge Tveit asks the Court to dismiss Ms. Benjamin's Fourth Amendment claims against her because Ms. Benjamin's complaint did not identify any arbitrary invasion into Ms. Benjamin's privacy and security. ECF No. 8 at 13. Ms. Benjamin argues that she has a Fourth Amendment claim because Judge Tveit's conduct perpetuated Mr. Walsh's sexual harassment of Ms. Benjamin. ECF No. 17 at 8.

The Fourth Amendment guarantees that the "right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be

violated." U.S. Const. amend. IV. A Fourth Amendment violation does not occur without some kind of seizure, defined as a restraint in the freedom to walk away or leave the situation. *Terry v. Ohio*, 392 U.S. 1, 17 (1968). A seizure occurs when a person is held in custody by arresting officers. *Fontana v. Haskin*, 262 F.3d 871, 878–79 (9th Cir. 2001).

Beyond the traditional sense of unreasonable seizures in criminal investigations or the improper use of deadly force, the Fourth Amendment also applies to claims of unreasonable intrusions on one's bodily autonomy. *Fontana*, 262 F.3d at 879. As the Ninth Circuit held in *Fontana*, sexual bodily intrusions by government actors may constitute an excessive use of force claim under the Fourth Amendment. *Id.* at 880. While the *Fontana* court acknowledged that some bodily intrusions may be accidental or *de minimis*, and thus reasonable, certain plausible harassment claims are actionable under the Fourth Amendment as unreasonable seizures. *Id.*

This Court takes no view on the merits of Ms. Benjamin's Fourth Amendment claims against the other defendants in this case, as the motion to dismiss was filed solely by Judge Tveit. *See* ECF No. 8. As the claim relates to Judge Tveit, however, the facts are lacking to support a Fourth Amendment violation. First, there is no assertion that Judge Tveit "seized" Ms. Benjamin at the time that Ms. Benjamin was sexually harassed. Without any kind of allegation of a

seizure in Ms. Benjamin's complaint, her Fourth Amendment claim against Judge Tveit cannot stand. *Fontana*, 262 F.3d at 878–79.

Additionally, Judge Tveit did not engage in the sexual harassment against Ms. Benjamin. Ms. Benjamin argues that the basis of her Fourth Amendment claim against Judge Tveit is that Judge Tveit's actions perpetuated Mr. Walsh's misconduct. ECF No. 17 at 8. However, there are no facts alleged in the complaint that Judge Tveit knew of the sexual harassment as it was occurring or allowed it to continue in any way. Ms. Benjamin alleges that she told Ms. Borders that she would no longer be attending work crew because of Mr. Walsh's sexual harassment, causing Ms. Borders to file a pleading with the Stevens County District Court that Ms. Benjamin was in violation of her work crew sentence. ECF No. 1 at 5. It was only at this point, after the alleged sexual harassment occurred and after Ms. Benjamin ceased reporting to work crew that Judge Tveit acted to allegedly perpetuate the misconduct by issuing her sua sponte order, meeting with the county commissioners, and refusing to recuse herself from Ms. Benjamin's case. *Id.* at 5–6. Without allegations that Judge Tveit knew that Mr. Walsh was sexually harassing Ms. Benjamin, and either ignored it or actively worked to continue it, Ms. Benjamin's Fourth Amendment claim against Judge Tveit does not state a claim upon which relief may be granted.

/ / /

/ / /

### C. Fifth Amendment Claims

In Ms. Benjamin's complaint, she claimed that Judge Tveit was liable under § 1983 for Fifth Amendment violations.  ECF No. 1 at 9.  Judge Tveit moved to dismiss the Fifth Amendment claim.  ECF No. 8 at 14–15.  Ms. Benjamin did not respond to Judge Tveit's motion to dismiss the Fifth Amendment claim.  *See* ECF No. 17.

The Fifth Amendment secures to the people of the United States the right to only answer to federal crimes on presentment of an indictment by a grand jury; the privilege against double jeopardy; the privilege against self-incrimination; the right not to be deprived of life, liberty, or property without due process; and the right to just compensation if one's property is taken for public use.  U.S. Const. amend. V.

As it stands, Ms. Benjamin's Fifth Amendment claim against Judge Tveit is wholly conclusory and lacks sufficient basis as to how Judge Tveit violated any of Ms. Benjamin's Fifth Amendment rights.  Claims supported by mere conclusory statements fail to state a claim under Rule 12(b)(6).  *Iqbal*, 556 U.S. at 678.

Further, by failing to respond to Judge Tveit's Motion to Dismiss the Fifth Amendment claim, Ms. Benjamin has implicitly waived the claim and consented to the entry of an adverse order.  *See* LCR 7(e).  Therefore, Ms. Benjamin's Fifth Amendment claims against Judge Tveit are dismissed with prejudice.

/ / /

/ / /

### D. Eighth Amendment Claims

Ms. Benjamin asserts an Eighth Amendment claim against Judge Tveit under § 1983. ECF No. 1 at 9. Judge Tveit argues that dismissal is appropriate because Ms. Benjamin's complaint failed to allege any action by Judge Tveit that resulted in cruel and unusual punishment for Ms. Benjamin. ECF No. 8 at 15–16.

The Eighth Amendment, generally, protects people from cruel and unusual punishment. U.S. Const. amend. VIII. "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012). To determine if conduct constitutes cruel and unusual punishment, courts evaluate whether (1) the official acted with a culpable state of mind (the subjective prong); and (2) the alleged conduct was harmful enough to prove a constitutional violation (the objective prong). *Id.* Verbal sexual harassment, alone, does not violate the Eighth Amendment. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

Ms. Benjamin claims that Judge Tveit violated the Eighth Amendment with her conduct that allowed Mr. Walsh to sexually harass Ms. Benjamin. ECF No. 1 at 8–9. According to Ms. Benjamin, the sexual harassment consisted of highly inflammatory sexual comments about Ms. Benjamin's body, her relationship with her husband, and about other people on work crew or county employees. *Id.* at 4. However, mere verbal sexual harassment does not violate the Eighth Amendment. *See Austin*, 367 F.3d at 1171. Therefore, Ms. Benjamin's allegations, alone, do

not state an Eighth Amendment violation even if they could be attributed to Judge Tveit.[2]  Further, as mentioned above, Judge Tveit is too far removed from the scenario that caused Ms. Benjamin's injuries.  Even when taking the facts in the light most favorable to Ms. Benjamin, Ms. Benjamin has failed to allege how Judge Tveit knew of the sexual harassment as it happened, and how she ignored it or worked to continue it.  Further, Ms. Benjamin does not allege that any sexual harassment occurred after Judge Tveit had learned about it.  ECF No. 1 at 6–8. The facts in the complaint show that Judge Tveit could not have perpetuated the sexual harassment because, by Ms. Benjamin's own admission, the harassment had ended by the time Judge Tveit learned about it.  Ms. Benjamin cannot claim that Judge Tveit's actions subjected her to cruel and unusual punishment when the sexual harassment had stopped by the time Judge Tveit learned of it.  Ms. Benjamin's complaint does not state an Eighth Amendment claim upon which relief may be granted.

### E.  Fourteenth Amendment Claim

The last of Ms. Benjamin's constitutional claims under § 1983 is a claim under the Fourteenth Amendment.  ECF No. 8 at 9.  Judge Tveit argues that none

---

[2] This Court takes no position on the other issues surrounding Ms. Benjamin's Eighth Amendment claim, including whether Ms. Benjamin is an "inmate" or "prisoner" within the meaning of the Eighth Amendment, or whether Judge Tveit can be liable for someone else's sexual harassment under the Eighth Amendment.

of her conduct in this case "shocked the conscience," meaning there was no Fourteenth Amendment violation. ECF No. 8 at 16–17. Ms. Benjamin argues that Judge Tveit's actions in protecting Mr. Walsh and threatening Ms. Benjamin with jail time for reporting sexual harassment shocked the conscience. ECF No. 17 at 10–11.

Under the Fourteenth Amendment, a state cannot "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Fourteenth Amendment protects people from violations of substantive due process in that it prevents the government from engaging in conduct that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal citations and quotations omitted). Substantive due process does not protect against all harm caused by someone acting under state authority. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). Due process does not create "a font of tort law to be superimposed upon whatever systems may already be administered by States." *Paul v. Davis*, 424 U.S. 693, 700 (1976).

Government conduct shocks the conscience when it is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 847 n.8. In *Fontana*, the Ninth Circuit held that a plaintiff's claim of sexual harassment under the Fourteenth Amendment survived summary judgment when she alleged that the offending police officer handcuffed her, placed

her in the back seat of a police car, and proceeded to sexually harass and inappropriately touch her. *Fontana*, 262 F.3d at 882 n.7.

Here, Ms. Benjamin claims that Judge Tveit's actions were tantamount to a threat of jail time to Ms. Benjamin for reporting the sexual harassment against her. ECF No. 17 at 11. However, the complaint lacks facts to support that Judge Tveit made this sort of threat. The complaint does allege that Judge Tveit issued a sua sponte order taking control of Ms. Benjamin's case, that she met with the public works director and two Stevens County Commissioners, and that she refused to recuse herself from Ms. Benjamin's case. ECF No. 1 at 5–7. However, Ms. Benjamin did not plead facts supporting that Judge Tveit threatened Ms. Benjamin with jail time for reporting sexual harassment, as Ms. Benjamin claims in response to Judge Tveit's Motion to Dismiss. *See* ECF No. 17 at 11. While the Court will construe the facts in the complaint in the light most favorable to Ms. Benjamin, it will not presume facts that do not exist in Ms. Benjamin's complaint. *See Adams*, 355 F.3d at 1183 ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.").

None of Judge Tveit's alleged conduct in this case rises to the level to shock the conscience. Further, Judge Tveit is not the person who allegedly sexually harassed Ms. Benjamin. This situation is far removed from that in *Fontana*, in which the defendant was the officer who sexually harassed the plaintiff by handcuffing her, putting her in the back of the police car, and groping and directing

ORDER GRANTING DEFENDANT JUDGE TVEIT'S MOTION TO DISMISS AND MOTION TO EXCLUDE ~ 25

sexual comments at her.  *Fontana*, 262 F.3d at 882 n.7.  With the facts alleged in the complaint, Ms. Benjamin has not stated a Fourteenth Amendment claim against Judge Tveit upon which relief may be granted.

Ms. Benjamin's complaint fails to state any constitutional claim upon which relief may be granted under 42 U.S.C. § 1983.  Because the facts, taken in the light most favorable to the plaintiff, do not establish constitutional violations, Judge Tveit is entitled to qualified immunity.  *See Pearson*, 555 U.S. at 232.  Therefore, the Court dismisses Ms. Benjamin's § 1983 claims against Judge Tveit.

### State Law Claims

Ms. Benjamin asserts the Washington state tort claims of negligent infliction of emotional distress, intentional infliction of emotional distress, outrage, and negligence against Judge Tveit.  ECF No. 1 at 8–9.

### A.  Negligent Infliction of Emotional Distress

Ms. Benjamin claims Judge Tveit is liable for negligent infliction of emotional distress ("NIED").  ECF No. 1 at 8–9.  Judge Tveit argues that Ms. Benjamin's complaint fails to state an NIED claim.  ECF No. 8 at 19.  Ms. Benjamin disagrees.  ECF No. 17 at 13.

Washington courts have recognized the NIED tort as an exception to the usual rule preventing tort recovery in the absence of a physical injury.  *Bylsma v. Burger King Corp.*, 293 P.3d 1168, 1170–71 (Wash. 2013).  There are four types of NIED claims in Washington.  First, the plaintiff claims an emotional injury as a

direct injury from the defendant's negligent conduct. *See id.* Second, the

plaintiff's emotional injury results from being placed in a position of physical peril,

or a close relative is grievously injured in close proximity to the plaintiff. *See*

*Colbert v. Moomba Sports, Inc.*, 176 P.3d 497, 500 (Wash. 2008). Third, a

victim's partner can claim NIED for a loss of consortium. *See Lund v. Caple*, 675

P.2d 226, 231 (Wash. 1984). Fourth, certain Washington statutes may allow for

NIED claims in specific situations. *See Segura v. Cabrera*, 362 P.3d 1278, 1280

(Wash. 2015).

Here, Ms. Benjamin appears to claim the first type of NIED, that being an

emotional injury as a direct injury from defendant's negligent conduct. *See* ECF

No. 1 at 8–9. She alleges that she has suffered, and continues to suffer,

humiliation, emotional distress, pain and suffering, lost wages, and loss of earning

capacity because of Judge Tveit's negligent conduct. *Id.* at 8.

Because NIED is grounded in negligence, a plaintiff claiming NIED must

prove the standard elements of negligence: duty, breach, causation, and damages.

*Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 205 (Wash. 2014). Further, a plaintiff

must prove that her emotional distress is "(1) within the scope of foreseeable harm

of the negligent conduct, (2) a reasonable reaction given the circumstances, and (3)

manifest[ed] by objective symptomology." *Bylsma*, 293 P.3d at 1170. To prove

the third element, a plaintiff must show that the emotional distress complained of is

susceptible to medical diagnosis and provable with medical evidence. *Repin v. State*, 392 P.3d 1174, 1184 (Wash. Ct. App. 2017).

Here, Ms. Benjamin has not pleaded any objective medical evidence that would support the objective symptomology prong of NIED. Without alleging any objective symptomology of Ms. Benjamin's emotional distress, the complaint fails to state a claim upon which relief may be granted.

### B. Intentional Infliction of Emotional Distress and Outrage

Ms. Benjamin claims that Judge Tveit committed the torts of intentional infliction of emotional distress and outrage[3] against her. ECF No. 1 at 8–9. Judge Tveit argues the complaint fails to allege a prima facie case of outrage. ECF No. 8 at 20–21.

To recover for emotional distress caused by a defendant's intentional conduct, a plaintiff must show (1) extreme and outrageous conduct; causing (2) intentional or reckless infliction of emotional distress; and (3) an actual result of severe emotional distress. *Rice v. Janovich*, 742 P.2d 1230, 1238 (Wash. 1987). These elements are all questions of fact, but on a motion to dismiss, the trial court makes an initial determination as to whether the defendant's conduct and mental

---

[3] "Outrage and intentional infliction of emotional distress are synonyms for the same tort." *Kloepfel v. Bokor*, 66 P.3d 630, 631 n.1 (Wash. 2003) (internal quotations omitted).

state, with the plaintiff's alleged mental distress, create a prima facie case for outrage. *Christian v. Tohmeh*, 366 P.3d 16, 30 (Wash. Ct. App. 2015).

To meet the first element of the tort of outrage, the conduct must go beyond all bounds of decency, in that it is extreme, atrocious, and utterly intolerable in a civilized community. *Grimsby v. Samson*, 530 P.2d 291, 295 (Wash. 1975). "Extreme and outrageous conduct must be conduct that the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim 'Outrageous!'" *Repin v. State*, 392 P.3d 1174, 1185 (Wash. Ct. App. 2017). "[M]ere insults and indignities, such as causing embarrassment or humiliation, will not support imposition of liability on a claim of outrage." *Dicomes v. State*, 782 P.2d 1002, 1013 (Wash. 1989). Factors the court should consider in evaluating whether conduct is outrageous includes the position of the defendant when the conduct was done; the plaintiff's susceptibility to emotional distress and defendant's awareness thereof; whether defendant's conduct was privileged; the likelihood the conduct was only annoying, inconvenient, or embarrassing as opposed to outrageous; and whether the defendant knew her conduct would cause severe emotional distress, and consciously disregarded that probability. *Sutton v. Tacoma Sch. Dis. No. 10*, 324 P.3d 763, 768–69 (Wash. Ct. App. 2014).

Ms. Benjamin claims that Judge Tveit's conduct in this case allows her to recover for a claim of outrage. ECF No. 1 at 8–9. The actions Ms. Benjamin

alleges that Judge Tveit did as the basis for her outrage claim is that she issued a sua sponte order regarding the Superior Court's order on Ms. Benjamin's sentence; she met with two county commissioners and the public works director to discuss Ms. Benjamin's remaining sentence; and she refused to recuse herself from Ms. Benjamin's case. *Id.* at 5–8.

When looking at the *Sutton* factors that define outrageousness, Judge Tveit's alleged conduct does not meet the standard as a matter of law. Even when taking the evidence in the light most favorable to Ms. Benjamin, the complaint fails to allege sufficient facts to support a claim of outrage. The complaint does not allege that Judge Tveit's handling of Ms. Benjamin's case was intended to cause Ms. Benjamin's severe emotional distress, or that Judge Tveit had any idea that her conduct would cause severe emotional distress in Ms. Benjamin. *Sutton*, 324 P.3d at 768–69. Further, as a judge conducting her official duties, Judge Tveit occupied a position of privilege. *Id.* When viewing the evidence in the light most favorable to Ms. Benjamin, Judge Tveit's conduct cannot be seen as extreme or outrageous. *See Repin*, 392 P.3d at 1185. Ms. Benjamin's outrage claim does not state a claim upon which relief may be granted.

### C. Negligence

Ms. Benjamin's last claim against Judge Tveit is negligence. ECF No. 1 at 8–9. Ms. Benjamin argued in her response to Judge Tveit's Motion to Dismiss, but did not allege in her complaint, that Judge Tveit is liable for negligent investigation

and negligent supervision in addition to ordinary negligence. ECF No. 17 at 13. Judge Tveit argues that these claims have not been supported by sufficient allegations in the complaint. ECF No. 20 at 9–10.

The elements of negligence are duty, breach, causation, and damages. *Kumar*, 325 P.3d at 205. The duty element refers to "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Transamerica Title Ins. Co. v. Johnson*, 693 P.2d 697, 700 (Wash. 1985) (internal quotations omitted). Washington courts will find that a person owes a duty of reasonable care to another in two different scenarios. First, a person owes a duty of care to another when the person engages in conduct that poses a risk of injury to another. *Michaels v. CH2M Hill, Inc.*, 257 P.3d 532, 543 (Wash. 2011). Second, a person owes a duty of care to another when the person voluntarily assumes that duty, the duty has been imposed by statute, or the duty is imposed due to a special relationship between the parties. *See Robb v. City of Seattle*, 295 P.3d 212, 217 (Wash. 2013).

Here, Ms. Benjamin fails to allege what duty Judge Tveit owed her in this situation. Taking the allegations in the complaint in the light most favorable to Ms. Benjamin, Ms. Benjamin has not pleaded sufficient facts or law supporting that Judge Tveit owed her a duty or violated that duty. Further, the complaint does not allege that Judge Tveit had a special relationship with Ms. Benjamin, that Judge Tveit voluntarily assumed any duty, or that a duty of care was imposed by

statute on Judge Tveit in this situation. Without pleading the plausible existence of a duty of care owed to Ms. Benjamin, Ms. Benjamin's negligence claim against Judge Tveit does not stand.

Washington courts do not recognize a general tort claim for negligent investigation. *See M.W. v. Dep't of Soc. & Health Servs.*, 70 P.3d 954, 960 (Wash. 2003). There are two narrow exceptions this rule. The first is when a child's parents challenge an investigation done by the Department of Social and Health Services that results in a "harmful placement decision" of the child in an abusive home, or fails to take a child out of an abusive home. *Id.* The second is in the employment context, where an employer guarantees an employee specific reasons for dismissal in an employment contract, and the employer fails to conduct an adequate investigation prior to termination. *See Gaglidari v. Denny's Rests.*, 815 P.2d 1362, 1368 (Wash. 1991).

Ms. Benjamin's allegations do not support claims that fit within either of the recognized negligent investigation claims. Thus, Ms. Benjamin's allegations fail to support a negligent investigation claim.

A claim of negligent supervision against an employer for an employee's conduct is a recognized tort in Washington. *Niece v. Elmview Group Home*, 929 P.2d 420, 425 (Wash. 1997). "The theory of negligent supervision creates a limited duty to control an employee for the protection of third parties, even where the employee is acting outside the scope of employment." *Id.* at 427. To establish

a negligent supervision claim, a plaintiff must show (1) the employee acted outside the scope of employment; (2) the employee presented a risk of harm; (3) the employer knew, or should have known, that the employee presented a risk of harm to others; and (4) the employer's failure to supervise proximately caused the harm. *Garrison v. Sagepoint Fin., Inc.*, 345 P.3d 792, 801 (Wash. Ct. App. 2015).

Ms. Benjamin's claim of negligent supervision appears to rely on allegations that Judge Tveit supervised Ms. Borders, and on Judge Tveit's alleged failure to control her as she worked to "cover up" Ms. Benjamin's sexual harassment complaints. *See* ECF No. 1 at 4–6. However, Ms. Benjamin's complaint lacks allegations to prove negligent supervision. First, there is no allegation that Ms. Borders acted outside the scope of her employment. Second, there is no allegation that Ms. Borders presented a risk of harm to Ms. Benjamin, or anyone else, with her conduct. Third, there is no allegation that Judge Tveit knew that Ms. Borders presented a risk of harm to others. Finally, Ms. Benjamin does not claim that her injury was proximately caused by Judge Tveit's negligent supervision. Without these allegations, a claim for negligent supervision does not stand. *See Garrison*, 345 P.3d at 801. Ms. Benjamin's complaint fails to state a negligent supervision claim.

### Leave to Amend

If a complaint fails to state a claim upon which relief may be granted, a district court should dismiss that complaint with leave to amend, unless

amendment would be futile. *See Carrico v. City and Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). If no facts consistent with the pleading could cure the deficiencies of the complaint, a district court can deny leave to amend and dismiss the claims with prejudice. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 659 (9th Cir. 1992) (holding district court did not abuse discretion in denying leave to amend when no facts consistent with the complaint could save plaintiff's claims).

The Court finds there are several deficiencies with Ms. Benjamin's claims against Judge Tveit that cannot be cured with newly-alleged facts consistent with the facts in the complaint. Even if Ms. Benjamin pleads additional facts consistent with the complaint, it is unlikely that any of them would be able to pierce Judge Tveit's judicial immunity. Further, there is no allegation of direct supervision by Judge Tveit of Mr. Walsh to make Judge Tveit liable for Mr. Walsh's alleged sexual harassment of Ms. Benjamin. Plaintiff has failed to allege facts that support the necessary nexus between Judge Tveit and Mr. Walsh to make Judge Tveit liable for Mr. Walsh's alleged actions. For these reasons, the Court finds that no new facts, consistent with the complaint, would allege plausible constitutional or

state tort claims upon which relief may be granted.  *See* Fed. R. Civ. P 12(b)(6); *Iqbal*, 556 U.S. at 678.  Amendment would be futile because the new facts consistent with the complaint could not cure the deficiencies identified in the complaint.  *Schreiber Distrib. Co.*, 806 F.2d at 1401.  Therefore, the Court dismisses all claims against Judge Tveit with prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Judge Tveit's Motion to Exclude Newspaper Article, **ECF No. 19**, is **GRANTED**, for purposes of this motion only.

2.    Judge Tveit's Motion to Dismiss, ECF No. 8, is **GRANTED**.

3.    All of Ms. Benjamin's claims against Judge Tveit are **DISMISSED WITH PREJUDICE**.

4.    Judgment of dismissal with prejudice shall be entered in favor of Defendant Judge Tveit, **only**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as outlined, provide copies to counsel, and terminate Judge Tveit as a defendant in this matter.

**DATED** October 11, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge