1

Honorable Rosanna Malouf Peterson

2

3   Francis S. Floyd, WSBA No. 10642
    ffloyd@floyd-ringer.com
4   Brittany A. Madderra, WSBA No. 48514
    brittany.madderra@floyd-ringer.com
5   FLOYD, PFLUEGER & RINGER, P.S.
6   200 W. Thomas Street, Ste. 500
    Seattle, WA 98119
7   Phone 206-441-4455
8   Fax 206-441-8484
9   *Attorneys for Defendant Pat Walsh*

10

11              UNITED STATES DISTRICT COURT
12       EASTERN DISTRICT OF WASHINGTON AT SPOKANE

13   RACHEL D. BENJAMIN,

14          Plaintiff,                    Case No. 2:18-cv-204-RMP

15                                        DEFENDANT PAT WALSH'S
16       v.                              MOTION FOR PARTIAL
                                         SUMMARY JUDGMENT
17   STEVENS COUNTY, a political
18   subdivision of the State of Washington;
     PAT WALSH, an employee of the
19   Stevens County Public Works          07/01/2019
     Department; NADINE BORDERS, an       Without Oral Argument
20   employee of Stevens County District
     Court; and GINA A. TVEIT, Stevens
21   County District Court Judge,
22
23          Defendants.

24

25

26

DEFENDANT WALSH'S MOTION FOR            FLOYD, PFLUEGER & RINGER P.S.
PARTIAL SUMMARY JUDGMENT - I            200 WEST THOMAS STREET, SUITE 500
                                        SEATTLE, WA  98119
Case No. 2:18-cv-204-RMP                TEL 206 441-4455
                                        FAX 206 441-8484

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES....................................................................................iii

I.   INTRODUCTION.........................................................................................1

II.  RELEVANT FACTS .....................................................................................2

III. STATEMENT OF ISSUES ...........................................................................5

IV.  ARGUMENT AND AUTHORITY ...............................................................5

  A. Ms. Benjamin's allegations do not rise to the level of a constitutional

     violation actionable under Section 1983 ......................................................5

     1. Ms. Benjamin's Fifth Amendment claim should be dismissed

        because the Fifth Amendment's Due Process Clause is inapplicable

        to the States ............................................................................................6

     2. Ms. Benjamin's Fourth Amendment claim should be dismissed

        because there was no "search" and sexual harassment without a

        "seizure" is analyzed under either the Fourteenth or Eighth

        Amendment...............................................................................................6

     3. Ms. Benjamin's Fourteenth and Eighth Amendment claims should

        be dismissed because verbal harassment in the form of vulgar

        language is not actionable under Section 1983....................................10

        a. Verbal harassment, alone, does not violate the Eighth

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - II

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.

200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

Amendment ..................................................................... 12

    b. The vulgar language alleged did not deprive Ms. Benjamin

      of her liberty or shock the conscience under the

      Fourteenth Amendment ................................................... 14

B. Should this Court find a constitutional violation, Mr. Walsh

    nevertheless has to quasi-immunity (on the harassment claims)

    and statutory or quasi-judicial immunity (on the retaliation

    claims.) ................................................................................. 18

C. Ms. Benjamin's negligence and negligent infliction of emotional

    distress claim must be dismissed for failure to allege objective

    symptomology ...................................................................... 20

V. CONCLUSION ......................................................................... 20

FLOYD, PFLUEGER & RINGER P.S.

200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

# TABLE OF AUTHORITIES

**Federal Cases**                                                                 **Page(s)**

*Alverto v. Dep't of Corr.,*
    No. C11-5572 RJB/KLS, 2012 U.S. Dist. LEXIS 172047
    (W.D. Wash. 2012) ...................................................................... 14

*Austin v. Terhune,*
    367 F.3d 1167, 1171 (9th Cir. 2004) .......................................... 13

*Bell v. Wolfish,*
    441 U.S. 520, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979) ...................................12

*Berryhill v. Schiro,*
    137 F.3d 1073 (8th Cir. 1998)...................................................... 14

*Betts v. Brady,*
    316 U.S. 455, 62 S. Ct. 1252, 86 L. Ed. 2d 799 (1963)...................... 14

*Bingue v. Prunchak,*
    512 F.3d 1169 (9th Cir. 2008)........................................................ 6

*B. & Q. R. Co. v. Chicago,*
    166 U.S. 226, 41 L. Ed. 979, 17 S. Ct. 581 (1897)........................... 6

*Brittain v. Hansen,*
    451 F.3d 982 (9th Cir. 2006)....................................................... 15

*Byrd v. Maricopa Cty. Bd. of Supervisors,*
    845 F.3d 919 (9th Cir. 2017)......................................................... 9

*Castillo v. McFadden,*
    399 F.3d 993 (9th Cir. 2005)......................................................... 6

*County of Sacramento v. Lewis,*
    523 U.S. 833, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)................... 11, 15

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - IV

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.

200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

*Daniels v. Williams,*
    474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)..................................5

*Davidson v. Cannon,*
    474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986)..................................5

*Fontana v. Haskin,*
    262 F.3d 871 (9th Cir. 2001)................................................................7, 8, 16

*Gary H. v. Hegstrom,*
    831 F.2d 1430 (9th Cir. 1987)..............................................................11

*Gibson v. County of Washoe,*
    290 F.3d 1175 (9th Cir. 2002)..............................................................12

*Hudson v. McMillian,*
    503 U.S. 1, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992)...........................13

*Hudson v. Palmer,*
    468 U.S. 517, 530, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984)................9

*Jones v. Wellham,*
    104 F.3d 620 (4th Cir. 1997)..............................................................16

*Katz v. United States,*
    389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967)..........................7

*Keyes v. Wash. Cty.,*
    No. 3:15-cv-1987-AC, 2017 U.S. Dis. LEXIS 127029
    (D. Or., Aug. 10, 2017)........................................................................7

*Martinez v. Nygaard,*
    831 F.2d 822 (9th Cir. 1987)................................................................7

*Mimms v. U.N.I.C.O.R.,*
    No. 09-1284 (JBS), 2010 U.S. Dist. LEXIS 20389
    (D.N.J. Mar. 8, 2010)..........................................................................18

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - V

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441·4455
FAX 206 441·8484

*Morrison v. Jones,*
607 F.2d 1269 (9th Cir. 1979)..................................................... 19

*Oltarzewski v. Ruggiero,*
830 F.2d 136 (9th Cir. 1987)...................................................... 13

*Parratt v. Taylor,*
451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)............................. 5

*Pearson v. Callahan,*
555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)........................... 18

*Pierce v. Multnomah Cty.,*
76 F.3d 1032 (9th Cir. 1996)....................................................... 8

*Reed v. Hoy,*
909 F.2d 324 (9th Cir. 1990)....................................................... 8

*Rogers v. City of Little Rock,*
152 F.3d 790 (8th Cir. 1998)...................................................... 16

*Romero v. Kitsap County,*
931 F.2d 624 (9th Cir. 1991)...................................................... 18

*Samson v. California,*
547 U.S. 843, 126 S. Ct. 2193, 165 L.Ed.2d 250, 257 (2006)....................... 9

*Somers v. Thurman,*
109 F.3d 614 (9th Cir. 1997)...................................................... 13

*Terry v. Ohio,*
392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)............................... 7

*United States v. Knights,*
534 U.S. 112, 122 S. Ct. 587, 151 L. Ed. 2d 497 (2001)......................... 9, 12

*United States v. Lanier,*
520 U.S. 259, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997)......................... 11

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - VI

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.

200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

*United States v. Mendenhall,*
    446 U.S. 544, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980)..............................7

*United States v. Salerno,*
    481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987)............................15

*Watison v. Carter,*
    668 F.3d 1108 (9th Cir. 2012).......................................................13-14

*Whitley v. Albers,*
    475 U.S. 312, 327, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1985)...................11

*Wood v. Beauclair,*
    692 F.3d 1041 (9th Cir. 2012)..........................................................14

*Youngberg v. Romeo,*
    457 U.S. 307, 73 L. Ed. 2d 28, 102 S. Ct. 2452 (1982).........................11-12

**State Cases**

*Bylsma v. Burger King Corp.,*
    176 Wn.2d 555, 293 P.3d 1168 (2013).............................................20

*Repin v. State,*
    198 Wn. App. 243, 392 P.3d 1174 (2017)..........................................20

*State v. Ammons,*
    136 Wn.2d 453, 963 P.2d 812 (1998)...........................................9 n. 1, 12

**State Statutes**

RCW 4.24.510 ...............................................................................19

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - VII

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441·4455
FAX 206 441·8484

## I.   **INTRODUCTION**

The vulgar, disgusting language that forms the basis of Rachel Benjamin's claims does not rise to the level of a constitutional deprivation under the Fourth, Fifth, Eighth, or Fourteenth Amendments. If there is an actionable claim, then it arises under State law. And as this Court previously noted, Ms. Benjamin fails to allege a necessary element of negligent infliction of emotional distress: objective symptomology. She does not allege a physical injury that could sustain an independent claim of negligence. Therefore, this Court should (1) dismiss all Section 1983 claims and (2) dismiss both negligence claims.

## II.   **RELEVANT FACTS**

Plaintiff Rachel Benjamin alleges that when she served an alternative sentence on the Stevens County work crew her supervisor, Defendant Patrick Walsh, shared vulgar, disgusting stories with the entire work crew. These stories were allegedly about his own sexual exploits and those of his friends and family. Declaration of Brittany A. Madderra ("Madderra Decl."), Exh. A-B; Deposition of Rachel Benjamin ("Benjamin Dep.") at 48:13-52:15, 71:17-75:12, 137:12-140:25, 142:10-146:6, attached as Madderra Decl., Exh. C. According to Ms. Benjamin, Mr. Walsh "[couldn't] pick up on the social cues that he's making [the work crew]

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.

200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

uncomfortable." Benjamin Dep. at 80:14-15. These stories were allegedly shared between April 20, 2017 and August 31, 2017, her first and last days on work crew.

When it became evident that Ms. Benjamin would not be able to complete her alternative sentence before her review hearing, she reported the vulgar, disgusting language to the work crew administrator, Nadine Borders. *Id.* at 69:1-25. When Ms. Borders ensured that the alleged harassment stopped the very next day, Ms. Benjamin quit work crew. *Id.* at 84:13-87:17, 93:12-96:25, 100:1-103:8; 111:20-23; 187:4-24. When Mr. Walsh was removed as work crew supervisor, Ms. Benjamin did not seek to complete her work crew the following summer. *Id.* at 167:6-18. Instead, she sued Mr. Walsh, Ms. Borders, Stevens County, and her sentencing judge, Honorable Gina A. Tveit. Effectively postponing her jail report date indefinitely. *Id.* at 183:2-186:25; Madderra Decl., Exh. D.

When questioned on the nature of the harassment alleged, Ms. Benjamin clarified that Mr. Walsh never propositioned her for sex, never threatened her, and never subjected her to unwanted sexual touching. Benjamin Dep. at 78:17-79:13 (no proposition for sex); *id.* at 137:3-4 (no threat); *id.* at 53:16-56:12, 177:19-178:1, 189:20-190:2 (no sexual, physical touching). She alleges that Mr. Walsh made at least one comment about her breasts and shirt, and on another occasion asked whether she and her fiancé had a specific sexual experience. *Id.* at 77:13-78:7. But

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

as she explained to Ms. Borders on August 30, 2017, it was the vulgar, disgusting stories told on work crew that triggered her harassment concerns. *Id.* at 69:1-15.

Ms. Benjamin originally reached out to Ms. Borders "to talk to her about Pat and the way that he spoke to us on the work crew" because she "felt like he had basically sexually harassed myself and everybody that would, you know, that was on there and had to listen to the disgusting, vulgar stuff that he would say." *Id.* at 69:5-8. She testified that "I don't believe I've ever been around somebody who has talked that vulgar and, like, on a daily basis to people who he, like, can't pick up on the social cues that he's making them uncomfortable." *Id.* at 80:9-15.

Beyond making her feel "gross[,]" these stories made her embarrassed for Mr. Walsh. "[Y]ou had to walk that fine line of, like, not offending him, but you didn't want to, like, keep the conversation going […] And so it was kind of nerve-wracking because […] you didn't know how to, like, just stop the conversation without making him uncomfortable." *Id.* at 134:5-20. To alleviate the awkwardness, Ms. Benjamin participated in the conversations, eliciting additional, salacious details, seeking clarification, and adding commentary. *See, e.g., id.* at 192:3-195:2, 195:20-196:13. When asked why she fueled the conversation:

A. Because he had just been talking about it for a while. And I remember he was just sitting there looking at me, so I felt like I had to say, you know,

---

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

something. So I was just trying to just say something that didn't really, like, continue the conversation. But I felt like I couldn't just stay silent and/or just kind of nod anymore.

*Id.* at 196:1-13.

What became clear during Ms. Benjamin's deposition was that she knew Mr. Walsh's outlandish stories were pure fabrication. She knew several of the people about whom Mr. Walsh told stories. *Id.* at 192:23-193:23, 194:7-12, 195:20-23 (Kim Morrow's daughter's children attend the same school and wrestling team as Ms. Benjamin's children and have sleep-overs); 174:9-18 (Ms. Benjamin babysat for Ms. Border's daughter and her two sons); 198:5-22 (Ms. Benjamin went to high school with Mr. Walsh's son's girlfriend's parents). She "felt, you know, he would make things up[.]" *Id.* at 131:2-4. She explained:

I felt like he was lying because I didn't think -- I just don't feel that kind of sexual stuff occurs all the time like he would talk about it. I don't think that women, like, flash men their vaginas all the time. And I don't think that -- I don't know. I just don't feel like Nadine and her family would have -- the way that he would describe, like, her opening the door with her boobs hanging out. I just don't think that kind of stuff would happen. That doesn't seem, like, realistic to me.

*Id.* at 173:20-174:8.

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

### III. <u>STATEMENT OF ISSUES</u>

1. Should Plaintiff's Section 1983 claims be dismissed for failure to allege a constitutional violation?

2. Should Plaintiff's Section 1983 claims be dismissed because Defendant Walsh has qualified, statutory, or quasi-judicial immunity?

3. Should Plaintiff's claims for negligent infliction of emotional distress and negligence be dismissed for lack of objective symptomology?

### IV. <u>ARGUMENT AND AUTHORITY</u>

**A. Ms. Benjamin's allegations do not rise to the level of a constitutional violation actionable under Section 1983.**

To state a claim under 42 U.S.C. § 1983, the defendant must be a person acting under color of state law and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981) (overruled on other grounds in *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)). The Civil Rights Act, 42 U.S.C. § 1983, is not merely a "font of tort law." *Parratt*, 451 U.S. at 532. That a plaintiff may have suffered harm, even if due to another's negligent conduct, does not necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 347-48 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986). Ms. Benjamin's allegations do not rise to the level of a constitutional violation under Section 1983.

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

**1. Ms. Benjamin's Fifth Amendment claim should be dismissed because the Fifth Amendment's Due Process Clause is inapplicable to the States.**

Ms. Benjamin's Fifth Amendment claim is foreclosed by the Constitution. Mr. Walsh was an employee of Stevens County. The Due Process Clause of the Fifth Amendment applies to the federal government only. *Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9th Cir. 2008) (quoting *Betts v. Brady,* 316 U.S. 455, 462, 62 S. Ct. 1252, 86 L. Ed. 2d 799 (1963)) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth."). *See also Castillo v. McFadden,* 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States[.]"). While the Takings Clause has been extended to the States, Ms. Benjamin does not allege that her property was "taken for public use, without just compensation." *B. & Q. R. Co. v. Chicago,* 166 U.S. 226, 241, 41 L. Ed. 979, 17 S. Ct. 581 (1897). Ms. Benjamin's Fifth Amendment claim should be dismissed.

**2. Ms. Benjamin's Fourth Amendment claim should be dismissed because there was no "search" and sexual harassment without a "seizure" is analyzed under either the Fourteenth or Eighth Amendment.**

The Fourth Amendment guarantees that the "right of the people to be secure in their persons [...] against unreasonable searches and seizures." U.S. Const.

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441·4455
FAX 206 441·8484

amend. IV.  There is no Fourth Amendment violation without a "seizure," defined as a restraint in the freedom to walk away from the encounter, or a "search," defined as an intrusion upon a subjective and reasonable expectation of privacy.  *Terry v. Ohio*, 392 U.S. 1, 17, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); *Katz v. United States*, 389 U.S. 347, 351-52, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967).

Whether such a "seizure" has occurred depends on whether "in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980).  Aa Fourth Amendment seizure occurs when a person is held in custody by arresting officers. *Fontana v. Haskin*, 262 F.3d 871, 879 (9th Cir. 2001).  For physical contact, alone, to constitute a seizure, there must be intent to restrict movement beyond the instant of physical contact. *Martinez v. Nygaard*, 831 F.2d 822, 826-27 (9th Cir. 1987) (grabbing a person's shoulder during an immigration-enforcement raid and releasing once gaining the person's attention was not a seizure, even though movement was momentarily restricted, because the objective purpose of the physical contact was to get the plaintiff's attention); *Keyes v. Wash. Cty.*, No. 3:15-cv-1987-AC, 2017 U.S. Dis. LEXIS 127029, at *11-12 (D. Or., Aug. 10, 2017) (where work crew supervisor grabbed plaintiff's buttocks and genital area "for a few seconds," there

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 7

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.

200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

was no seizure because the objective intent was to initiate unwanted sexual contact, not to restrain her movement beyond the instant of contact).

Further, a restraint that does not attend an arrest or attempted arrest is more appropriately considered under the Fourteenth Amendment's substantive due process clause, not the Fourth Amendment. *Fontana,* 262 F.3d at 882. In *Fontana,* an arrestee who alleged that she was handcuffed in the back of a police vehicle, propositioned for sex, and "inappropriately touched and sexually harassed" by her arresting officer stated a Fourth Amendment claim. *Id.* at 875. The Court noted that "[i]f this case had not involved an arrest, it appropriately would have been analyzed under Fourteenth Amendment substantive due process analysis." *Id.* at 881 n.6 (collecting cases). *See also Reed v. Hoy*, 909 F.2d 324, 329 (9th Cir. 1990) ("Claims arising before or during arrest are to be analyzed exclusively under the fourth amendment's reasonableness standard rather than the substantive due process standard[.]"); *Pierce v. Multnomah Cty.,* 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment "sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest.").

To the extent that service on a work release program under the terms and condition of a sentence is a form of "custody," this is the punishment imposed by

FLOYD, PFLUEGER & RINGER P.S.
200 West Thomas Street, Suite 500
Seattle, WA  98119
Tel 206 441-4455
Fax 206 441-8484

her judgment and sentence, not a seizure, and cannot resurrect her Fourth Amendment claims. [1]  To the contrary, there are limited privacy rights under the Fourth Amendment in the pre-trial detention, parole, and prison context. *Hudson v. Palmer*, 468 U.S. 517, 530, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984); *United States v. Knights,* 534 U.S. 112, 119-20, 122 S. Ct. 587, 151 L. Ed. 2d 497 (2001); *Samson v. California,* 547 U.S. 843, 857, 126 S. Ct. 2193, 2197, 165 L.Ed.2d 250, 257 (2006); *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922-23 (9th Cir. 2017).  And as the Court explained in *Hudson,* a particular prisoner's inability to invoke the Fourth Amendment "does not mean that he is without a remedy for calculated harassment unrelated to prison needs.  Nor does it mean that prison attendants can ride roughshod over inmates' property rights with impunity.  The Eighth Amendment always stands as a protection against 'cruel and unusual punishments.'  By the same token, there are adequate state tort and common-law remedies[.]" *Hudson,* 468 U.S. at 530.

---

[1] *State v. Ammons*, 136 Wn.2d 453, 456-57, 963 P.2d 812 (1998) (failure to report to work crew violates Washington's escape statute, which defines "custody" to include restraint by "lawful arrest" but also "an order of a court, or any period of service on a work crew[.]").

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 9
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

Here, Ms. Benjamin does not allege that Mr. Walsh conducted a "search" that violated her reasonable expectation of privacy and does not allege an unreasonable "seizure." Mr. Walsh was an employee of the Stevens County landfill, not an arresting officer. Any incidental physical contact did not accompany an arrest, attempted arrest, or other warrantless detention as by April – August 2017, Ms. Benjamin was not merely legally in custody based upon probable cause for arrest, but a judgment and sentence was entered. And the rare, incidental contact that Ms. Benjamin described, which she did not consider sexual in nature and did not restrain her beyond the moment of conduct. Touching Ms. Benjamin's arm or back to get her attention or demonstrate a concept once or twice and brushing dirt off her clothes once is not a Fourth Amendment seizure. Benjamin Dep. at 53:16-56:12, 177:19-178:1, 189:20-190:2. Reserving the front seat of the van for her after she became car sick and threw up on the side of the road to prevent future incidents of car-sickness is not a seizure. *Id.* 42:12-47:24. On the facts of this case, the Fourth Amendment is inapplicable.

**3. Ms. Benjamin's Fourteenth and Eighth Amendment claims should be dismissed because verbal harassment in the form of vulgar language is not actionable under Section 1983.**

Since Ms. Benjamin was serving an alternative sentence on work crew at the time of the alleged sexual harassment, her claims implicate the Eighth Amendment,

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 10
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 West Thomas Street, Suite 500
Seattle, WA  98119
Tel 206 441-4455
Fax 206 441-8484

not the Fourteenth Amendment. "[I]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) (quoting *United States v. Lanier,* 520 U.S. 259, 272 n.7, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997)).

The Eight Amendment is "the primary source of substantive protection to convicted prisoners[.]" *Whitley v. Albers,* 475 U.S. 312, 327, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1985). In *Whitley*, the Court declined to consider the Fourteenth Amendment as an alternative basis for affirmance. *Whitley,* 475 U.S. at 327. The Court held that in the prison context, "the Due Process Clause affords no greater protection than does the *Cruel and Unusual Punishments Clause.*" *Id.* (emphasis in original). "'[C]onduct that shocks the conscience' [...] and so violates the Fourteenth Amendment," is equivalent to "punishment 'inconsistent with contemporary standards of decency' and 'repugnant to the conscience of mankind' [...] in violation of the Eighth[.]" *Id.* (citations omitted).

Conversely, the fourteenth amendment standard "applies to conditions of confinement when detainees [...] have not been convicted" of a crime. *Gary H. v. Hegstrom,* 831 F.2d 1430, 1432 (9th Cir. 1987) (citing *Youngberg v. Romeo,* 457

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 11

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.

200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441·4455
FAX 206 441·8484

U.S. 307, 73 L. Ed. 2d 28, 102 S. Ct. 2452 (1982) (civilly committed individuals), and *Bell v. Wolfish*, 441 U.S. 520, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979) (pretrial detainees)). *See also Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment.").

By extension, the more specific constitutional provision, the Eight Amendment, should apply when a convicted individual engages in community service in lieu of jail. "Probation, like incarceration, is a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty." *Knights,* 534 U.S. at 119 (internal quote omitted). "Probation is one point on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service." *Id.* (internal quote omitted). And in Washington, defendants sentenced to work crew in lieu of jail are considered to be in "custody." *Ammons*, 136 Wn.2d at 456-57.

**a. Verbal harassment, alone, does not violate the Eighth Amendment.**

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. "The Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but only that narrow

DEFENDANT WALSH'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 12
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 20, 112 S. Ct. 995, 117 L.Ed.2d 156(1992).   The Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson,* 503 U.S. at 9 (internal quote omitted).

Relevant to this case, the Ninth Circuit has consistently held that verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.   *See, e.g., Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir. 1987) (allegation of vulgar language cannot establish a genuine issue of material fact, because "verbal harassment or abuse [...] is not a constitutional deprivation under 42 U.S.C. § 1983." (alteration in original)); *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (officer's exposure of his genitalia to inmates "was not sufficiently serious to constitute an Eighth Amendment violation."); *Watison v. Carter*, 668 F.3d 1108, 1112-13 (9th Cir. 2012) (allegation that officer approached an inmate on the toilet, rubbed his thigh against the inmate's thigh, and smiled in a sexual manner was insufficient to state an Eighth Amendment claim); *Somers v. Thurman*, 109 F.3d 614, 616 (9th Cir. 1997) (female guards' visual body cavity searches of male inmates, with pointing and jokes, was not sufficiently harmful for

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 13
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

Eighth Amendment violation); *Alverto v. Dep't of Corr.*, No. C11-5572 RJB/KLS, 2012 U.S. Dist. LEXIS 172047, at *58 (W.D. Wash. 2012) (claims that officer made an inappropriate comment and stared at plaintiff "lustfully" are insufficient to state an Eighth Amendment claim).

Ms. Benjamin alleges verbal sexual harassment only. While unwanted physical contact of a sexual nature meets the objective and subjective requirements of an Eighth Amendment claim—*e.g., Wood v. Beauclair,* 692 F.3d 1041, 1049-51 (9th Cir. 2012)—verbal harassment is not cognizable under Section 1983. The incidental, non-sexual contact that allegedly occurred does not change the fundamental nature of her claim. *See Berryhill v. Schiro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (a brief, unwanted touch on the buttocks cannot be characterized as a sexual assault). Moreover, the humiliation arising from mere verbal harassment or the accompanying incidental, non-sexual contact is not an objectively "serious injury," either physical or psychological, for the purposes of Section 1983. *Watison,* 668 F.3d at 1113 (citing *Berryhill*, 137 F.3d at 1076). Ms. Benjamin fails to state an Eighth Amendment claim.

### b. The vulgar language alleged did not deprive Ms. Benjamin of her liberty or shock the conscience under the Fourteenth Amendment.

This Court need not consider the Fourteenth Amendment claims. Once a person is convicted, the more specific Eighth Amendment governs claims relating

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 14

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

to the punishment imposed by their sentence. Nevertheless, Ms. Benjamin's allegations are also insufficient under the substantive due process standard of the Fourteenth Amendment.

"Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). "[I]t prevents the government from engaging in conduct that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" *United States v. Salerno*, 481 U.S. 739, 746, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) (internal citations and quotations omitted). However, "the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States[.]" *County of Sacramento*, 523 U.S. at 848 (internal quotations and citation omitted). "Only the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Brittain*, 451 F.3d at 991. And as there is no general liberty interest in being free from capricious government action, "[i]t is not enough to allege conscience shocking action [...] a plaintiff must show a government deprivation of life, liberty or property." *Id.*

Ms. Benjamin has not alleged a deprivation of liberty or conscience shocking behavior. While sexual harassment claims may be raised under the Fourteenth Amendment against those entrusted with the criminal-law function of government,

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 15
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

such cases are factually distinguishable because they involve unwanted sexual intercourse or touching.  *See, e.g., Rogers v. City of Little Rock,* 152 F.3d 790, 796 (8th Cir. 1998) (applying substantive due process analysis to a claim that a police officer pulled over a woman, followed her home, and raped her); *Jones v. Wellham,* 104 F.3d 620, 628 (4th Cir. 1997) (applying substantive due process analysis to claim that police officer pulled woman over and forced her to have sex with him); *Fontana,* 262 F.3d at 881-82 (substantive due process would have applied to offer to be woman's "older man," act of putting arm around her and massaging her shoulders, and persistent sexual advances had it not occurred during a Fourth Amendment seizure).   Verbal harassment does not implicate the Fourteenth Amendment right to freedom from violation of bodily integrity.

Here, Ms. Benjamin alleges that Mr. Walsh was vulgar and inconsiderate, insofar as "he, like, can't pick up on the social cues that he's making [the work crew] uncomfortable."  Ms. Benjamin alleges that by fabricating stories about his own sexual exploits and those of his friends and family and sharing those with the work crew, Mr. Walsh "basically sexually harassed myself and everybody that would, you know, that was on there and had to listen to the disgusting, vulgar stuff that he would say."  She describes the experience as "nerve-wracking," because "you didn't want to talk to him about that, but you didn't know how to, like, just

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 16

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

stop the conversation without making him uncomfortable." To avoid social awkwardness, she participated in the conversations and actively elicited additional, salacious details. While she described one occasion when another work crew member tactfully attempted to change the conversation, no one told Mr. Walsh to stop sharing these stories or expressed their discomfort.

Additionally, Ms. Benjamin could not reasonably have felt threatened by Mr. Walsh's stories. With the exception of a single day, they were told in a group setting to the entire work crew van. Benjamin Dep. at 175:18-177:18. None of the statements at issue were threats against Ms. Benjamin or propositions for sexual favors from Ms. Benjamin. In her deposition, Ms. Benjamin clarified that she was "scared" only because "I felt like he wasn't a very stable person. I felt, you know, he would make things up, and the way that he talked, I don't know if I've ever encountered somebody who would speak like that to people." Ms. Benjamin "felt like he was lying" because "I just don't feel that kind of sexual stuff occurs all the time like he would talk about it. [...] That doesn't seem, like, realistic to me." Besides, she was personally acquainted with several of the people about whom Mr. Walsh allegedly made up stories.

As many courts have noted, the Constitution "is not a civility code [...] intimidating behavior and verbal harassment unaccompanied by any physical

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 17
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

actions […] do not give rise to any Section 1983 liability[.]" *Mimms v. U.N.I.C.O.R.*, No. 09-1284 (JBS), 2010 U.S. Dist. LEXIS 20389, at *16 (D.N.J. Mar. 8, 2010). Ms. Benjamin's allegations that Mr. Walsh used vulgar, disgusting language and was insensitive to the impact stories had on the work crew does not rise to the level of a constitutional deprivation under either the Eighth or Fourteenth Amendment. Ms. Benjamin's Section 1983 claims must be dismissed entirely.

**B. Should this Court find a constitutional violation, Mr. Walsh nevertheless has quasi-immunity (on the harassment claims) and statutory or quasi-judicial immunity (on the retaliation claims.)**

Should this Court find that Ms. Benjamin states a constitutional violation under Section 1983 based on verbal sexual harassment, then Mr. Walsh is entitled to qualified immunity. When government officials invoke qualified immunity from suit, courts analyze (1) whether the conduct of the official, viewed in the light most favorable to plaintiff, violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 232-36, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "[R]egardless of whether the constitutional violation occurred, the officer should prevail if the right asserted by the plaintiff was not 'clearly established' or the officer could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 18
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

As shown above, the Ninth Circuit does not acknowledge a Section 1983 claim based on verbal harassment in the context of a convicted defendant serving on work crew or any comparable context. Should this Court delineate a new cause of action, Mr. Walsh would be entitled to qualified immunity. A constitutional right was not "clearly established" at the time of the alleged violation.

Additionally, Mr. Walsh is entitled to statutory and quasi-judicial immunity on any claims based on his attendance reports to Stevens County District Court. Under RCW 4.24.510, "[a] person who communicates […] information to any […] state, or local government […] is immune from civil liability for claims based upon the communication[.]" As work crew supervisor, Mr. Walsh routinely submitted attendance sheets to the Stevens County District Court. Insofar as Ms. Benjamin may allege that Mr. Walsh retaliated by reporting her failure to attend work crew, he has statutory immunity.

Such a claim is similarly barred by quasi-judicial immunity. Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are integral to the judicial process. *See Morrison v. Jones,* 607 F.2d 1269, 1273 (9th Cir. 1979) (§ 1983 case), *cert. denied,* 445 U.S. 962, 64 L. Ed. 2d 237, 100 S. Ct. 1648 (1980). Determining whether a defendant fulfilled a judgment and sentence is an integral function of the courts that cannot

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 19
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

be accomplished unless work crew supervisors report attendance.  Reporting work crew attendance is a function entitled to quasi-judicial immunity.

## C. Ms. Benjamin's negligence and negligent infliction of emotional distress claim must be dismissed for failure to allege objective symptomology.

To establish negligent infliction of emotional distress, a plaintiff must prove that her distress is "manifest[ed] by objective symptomology." *Bylsma v. Burger King Corp.*, 176 Wn.2d 555, 560, 293 P.3d 1168 (2013).  The emotional distress must be susceptible to medical diagnosis and provable with medical evidence. *Repin v. State*, 198 Wn. App. 243, 264-65, 392 P.3d 1174 (2017).  This Court dismissed plaintiff's claims against the Honorable Gina A. Tivet for failure to allege objective symptomology. Dkt. # 30 at 27-28.

Ms. Benjamin still does not allege objective symptomology.  She was not diagnosed or treated for any condition relating to the alleged harassment. Benjamin Dep. at 25:8-26:14; 37:1-39:15.  She produced no progress notes for her single visit to a couple's counselor, because the session was educational in nature and no assessment was provided.  *Id.* at 27:23-28:8, 28:18-21; Madderra Decl. at ¶6. Because Ms. Benjamin does not allege a physical injury that could support an independent negligence claim, her negligence claims must also be dismissed.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant Defendant's motion.

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 20

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 West Thomas Street, Suite 500
Seattle, WA  98119
Tel 206 441-4455
Fax 206 441-8484

Respectfully submitted this ◯ day of May, 2019.

By:    _Brittany Madderra_
Francis S. Floyd, WSBA No. 10642
ffloyd@floyd-ringer.com
Brittany A. Madderra, WSBA No. 48514
brittany.madderra@floyd-ringer.com
Floyd, Pflueger & Ringer, P.S.
200 W. Thomas Street, Ste. 500
Seattle, WA 98119
Phone 206-441-4455
Fax 206-441-8484
*Attorneys for Defendant Pat Walsh*

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 21
Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

## CERTIFICATE OF SERVICE

I hereby certify that on this ___10ᵗʰ___ day of May, 2019, I electronically filed the foregoing DEFENDANT PAT WALSH'S MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | | |
|---|---|---|
| Casey M. Arbenz<br>Brett A. Purtzer<br>Hester Law Group, Inc., P.S.<br>1008 S. Yakima Ave., Ste. 302<br>Tacoma, WA 98405<br>brett@hesterlawgroup.com<br>Casey@hesterlawgroup.com | *Counsel for Plaintiff* | [  ] Via Messenger<br>[X] Via CM/ECF<br>[  ] Via Facsimile<br>[  ] Via U.S. Mail |
| J. Brendan Kidd,<br>Kidd Defense PLLC<br>901 N. Adams Street<br>Spokane, WA 99201<br>brendan@kidd-defense.com | *Counsel for Plaintiff* | [  ] Via Messenger<br>[X] Via CM/ECF<br>[  ] Via Facsimile<br>[  ] Via U.S. Mail |
| Jerry J. Moberg<br>Jerry Moberg & Associates, PS<br>124 – 3rd Ave. SW<br>PO Box 130<br>Ephrata, WA 98823<br>jmoberg@jmlawps.com | *Counsel for Nadine Borders* | [  ] Via Messenger<br>[X] Via CM/ECF<br>[  ] Via Facsimile<br>[  ] Via U.S. Mail |
| Michael E. McFarland JR<br>Evans, Craven & Lackie, PS<br>818 W Riverside Ave<br>Suite 250<br>Spokane, WA  99201-0910<br>mmcfarland@ecl-law.com<br>kmauss@ecl-law.com | *Counsel for Stevens County* | [  ] Via Messenger<br>[X] Via CM/ECF<br>[  ] Via Facsimile<br>[  ] Via U.S. Mail |

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 22

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.
200 West Thomas Street, Suite 500
Seattle, WA  98119
Tel 206 441·4455
Fax 206 441·8484

1

DATED this 10th day of May, 2019 at Seattle, Washington.

2

3

4

Perla X. Caballero-Hoblit, Legal Assistant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT WALSH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 23

Case No. 2:18-cv-204-RMP

FLOYD, PFLUEGER & RINGER P.S.

200 West Thomas Street, Suite 500
Seattle, WA  98119
Tel 206 441·4455
Fax 206 441·8484